IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHERRY J. KEENER,**
        **Plaintiff,**

                      **CASE NO. 2:07 CV 1199**
vs.                      **JUDGE FROST**
                      **MAGISTRATE JUDGE KEMP**

**GORDON MANSFIELD,**
        **Defendant.**

## OPINION AND ORDER

This action comes before the Court for consideration of Defendant's Motion for Summary Judgment. (Doc. # 16.) For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## I. BACKGROUND

At all times relevant to this lawsuit, Plaintiff, Sherry J. Keener, was and is employed by the United States Department of Veterans Affairs, Columbus Veterans Affairs Outpatient Clinic ("OPC"). Complaint. Plaintiff is a Nurse II at the OPC, and is currently assigned to the Call Center. *Id.*

In September of 2006 Plaintiff was notified in writing by her supervisor, Susan Rucker, that Plaintiff's behavior toward one of the staff physicians, Dr. Linda Bennett, was viewed as unprofessional. *Id*. In that correspondence, Plaintiff was notified that her conduct towards Dr. Bennett was viewed as unacceptable performance in regard to her performance standards as a Nurse II. Ex. A.[1] Plaintiff was moved from the Call Center to a treatment team so that she would have less contact with Dr. Bennett. *Id.* Formal notice of this change in position was

---

[1] All exhibits referred to herein are attached to Defendant's Motion for Summary Judgment.

provided to Plaintiff by a memorandum dated September 21, 2006.  Ex. B.  The date of her transfer to the treatment team was October 16, 2006.  *Id.*

On October 16, 2006, Plaintiff worked for "about 3 hours" in her reassigned treatment team capacity.  Complaint at 10.  In her Complaint Plaintiff alleges that she ruptured a disc in her neck during that three hours.  Plaintiff reported to the Veterans Affairs "Employee Health" physician, Dr. Leon Hughes, who provided her with a work release slip and instructions to go home.  *Id.* at ¶ 3.  Plaintiff did go home.  *Id.*

On October 17, 2006, while on leave, Plaintiff provided a letter from her physician, Dr. John Krupko, that indicates that her move to the treatment team had caused a significant increase in her stress and that this was affecting her medical condition adversely.  Ex. C.  The next day, October 18, 2006, and still on leave from work, Plaintiff provided another statement from Dr. Janet Bay stating that she believed that a return to the Call Center was warranted.  Ex. D.

On October 18, 2006, Supervisor Rucker moved Plaintiff back to the Call Center.  Ex. E.

Plaintiff failed to timely file her formal complaint with the Equal Employment Opportunity Commission ("EEOC"), and therefore "failed to exhaust the administrative remedies, which is a condition precedent to filing suit in this Court."  (Doc. #15 at 6).  Based upon this failure, Defendant moved for dismissal for failure to state a claim upon which relief could be granted.  (Doc. # 10.)  The Court set a non-oral hearing on that motion.  (Doc. # 11.)  Plaintiff timely filed her memorandum in opposition to Defendant's motion.  (Doc. # 12.)  After Defendant filed his reply in support of his motion to dismiss (Doc. # 13), Plaintiff filled a sur-reply (Doc. # 14).  Upon application of Fed. R. Civ. P. 12(b)(6), the Court determined that Plaintiff was entitled to equitable tolling of the time limitations for filing her formal EEOC

complaint and denied Defendant's Motion to Dismiss.  (Doc. #15.)

Defendant has now timely moved for summary judgment.  (Doc. # 16.)  The Court set the non-oral hearing on said motion for May 27, 2008.  Plaintiff did respond to Defendant's motion.

## II.  Standards of Review

### A.  Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "there is no genuine issue as to any material fact . . . ."  Fed. R. Civ. P. 56(c).  The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317,  323 (1986).  Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e));  *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995) ("nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial").  "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'"  *Glover v. Speedway Super Am. LLC*, 284 F. Supp.2d 858, 862 (S.D. Ohio 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  Instead, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position.  *Celotex Corp.*, 477 U.S. at 324.  In ruling on a motion for summary

judgment "[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Glover*, *supra* (citing *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989)).  Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties."  *Id.*; Fed. R. Civ. P. 56(c).

**B.  Pro Se Litigants**

Plaintiff is proceeding without the assistance of counsel.  A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992).  A court, however, "should not assume the role of advocate for the *pro se* litigant."  *Ashiegbu v. Purviance*, 74 F. Supp.2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

### III.  ANALYSIS

Plaintiff contends that she was discriminated against because of a physical disability and/or because of her age when she was moved from her position in the Call Center to treatment team.

**A.  Disability Discrimination**

The Rehabilitation Act prohibits discrimination on the basis of disability in programs conducted by Federal agencies, in programs receiving Federal financial assistance, in Federal

4

employment, and in the employment practices of Federal contractors. 29 U.S.C. § 794. The standards for determining employment discrimination under this Act are the same as those employed to determine discrimination under the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12201(a) (ADA is not to "be construed to apply a lesser standard than the standards applied under . . . Rehabilitation Act of 1973 . . . ."); *Andrews v. State of Ohio*, 104 F.3d 803, 807 (6th Cir. 1997) (explaining that because "standards under both of the acts are largely the same, cases construing one statute are instructive in construing the other").

To establish a *prima facie* case of disability discrimination,[2] a plaintiff must first show that:

> (1) he or she is disabled; (2) otherwise qualified for the position, with or without reasonable accommodation; (3) suffered an adverse employment decision; (4) the employer knew or had reason to know of the plaintiff's disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced.

*Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996). The final element "may also be satisfied by showing that similarly situated, non-protected employees were treated more favorably." *Talley*, 61 F.3d at 1246. If the plaintiff is unable to point to at least a factual dispute as to any one of these elements, summary judgment in the defendant's favor is warranted. *See Monette*, 90 F.3d at 1185-86 ("If the plaintiff fails to establish a predicate fact necessary to create the presumption of unlawful intent,...the 'burden' never shifts to the defendant.").

---

[2] A plaintiff could alternatively establish a *prima facie* case by presenting credible, direct evidence of discriminatory intent. *See Terbovitz v. Fiscal Court of Adair County*, 825 F.2d 111 (6th Cir. 1987). However, Plaintiff in this action did not present any such direct evidence nor did she allege that there is direct evidence of discriminatory intent. *See generally, Complaint*.

In his motion for summary judgment, Defendant argues that Plaintiff has failed to point to any factual dispute as to any one of the elements of her *prima facie* case. Indeed, Plaintiff has failed to respond to Defendant's Motion for Summary Judgment and Plaintiff cannot rely on the allegations in her Complaint. *See Glover*, 284 F. Supp.2d at 862 (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 586). Plaintiff has therefore failed to "set forth specific facts showing that there is a genuine issue for trial" in this regard. *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). Nonetheless, the Court explains why plaintiff simply could not, in any event, have met her burden for this claim.

First, Plaintiff has not shown that she has "a physical or mental impairment that substantially limits one or more of [her] major life activities . . . ." 29 U.S.C. § 750(20)(B)(i); 29 C.F.R. § 1630.2 (2002); *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998). Indeed, although in her Complaint Plaintiff alleges that she has "Cushing's disease, neck and spine fragility, hypothyroidism, hypertension, gastroesphageal reflux disease," and is a diabetic, nowhere does she allege that these "health frailties" substantially limit one or more of her major life activities. Complaint at 7. "Many impairments do not impact an individual's life to the degree that they constitute disabling impairments." 29 C.F.R. pt. 1630, App. § 1630.2(I) (2001); *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195-96 (2002).

Second, Plaintiff has failed to allege that she suffered a materially adverse employment action. Plaintiff was laterally transferred from her position as Nurse II in the Call Center to Nurse II on a treatment team for a total of three hours. The United States Court of Appeals for the Sixth Circuit "has held that reassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions in employment discrimination claims."

*Kocsis v. Multi-Case Mgt., Inc.*, 97 F.3d 876, 885 (6th Cir. 1996) (citing *Yates v. Avco Corp.*, 819 F.2d 630, 638 (6th Cir. 1987).

Third, Plaintiff has not shown that similarly situated, non-protected employees were treated more favorably. Indeed, Plaintiff does not even suggest that this happened.

Any one of these three failures prevents Plaintiff from making a *prima facie* showing of disability discrimination and requires granting Defendant his request for summary judgment on that cause of action.

**B. Age Discrimination**

The Age Discrimination in Employment Act ("ADEA") prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). It is the plaintiff's burden to establish a *prima facie* case of age discrimination by showing that he or she: (1) is a member of the protected class, that is, at least forty years of age; (2) was subjected to an adverse employment action; (3) was qualified for the position; and (4) was replaced by someone substantially younger or was treated differently from similarly situated employees outside the protected class. *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004); *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990); *Talley*, 61 F.3d at 1246.

In the case sub judice, it is undisputed that Plaintiff is a member of a protected class. It is also undisputed that she is qualified for her position as Nurse II. Defendant argues, however, that Plaintiff has not, and cannot, demonstrate the remaining two elements of the *prima facie* case. This Court agrees.

As detailed above, Plaintiff has failed to show that she was subjected to an adverse

7

employment action.  Likewise, Plaintiff does not, and cannot assert that she was replaced by anyone at the Call Center, let alone by a younger person.  Nor has Plaintiff even alleged that she was treated less favorably than other similarly situated, non-protected coworkers.

Any one of these failures prevents Plaintiff from making a *prima facie* showing of age discrimination and requires granting Defendant his request for summary judgment on that cause of action.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Summary Judgment.  (Doc. # 16.)  The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of Defendants.

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**